**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUAN ALVAREZ, individually, SALVADOR ALVAREZ, individually, FRANCISCO CONTRERAS, individually, JOSE CONTRERAS, individually, OMAR CONTRERAS, individually, IGNACIO ESPINOZA, individually, LUIS FERNANDO GALLEGOS, individually, JESUS GALLEGOS, individually, MIGUEL GALLEGOS, individually, CARLOS OSEGUERA MENDOZA, individually, MIGUEL A. MUJICA, individually, FRANCISCO OREGEL individually, ISRAEL OREGEL, individually, <br><br> Plaintiffs, <br><br> v. <br><br> MIDWEST BRICKPAVING, INC., an Illinois Corporation, and JOEL ELFERING a/k/a JOEL ELFRING, individually, <br><br> Defendants. | JURY DEMANDED <br><br> Case. No. |

**COMPLAINT FOR ACCOUNTING AND JUDGMENT
FOR BACK OVERTIME WAGES UNDER FEDERAL AND ILLINOIS LAW**

NOW COME the plaintiffs, JUAN ALVAREZ, individually, SALVADOR ALVAREZ, individually, FRANCISCO CONTRERAS, individually, JOSE CONTRERAS, individually, OMAR CONTRERAS, individually, IGNACIO ESPINOZA, individually, LUIS FERNANDO GALLEGOS, individually, JESUS GALLEGOS, individually, MIGUEL GALLEGOS, individually, CARLOS OSEGUERA MENDOZA, individually, MIGUEL A. MUJICA, individually, FRANCISCO OREGEL, individually, and ISRAEL OREGEL, individually, by and through their attorney, JAC A. Cotiguala, complain against MIDWEST BRICKPAVING, INC. and JOEL ELFERING

a/k/a JOEL ELFRING (collectively "Defendants"), and in support of their complaint, state as follows:

## STATEMENT OF FACTS

1. That the plaintiffs, JUAN ALVAREZ, individually, SALVADOR ALVAREZ, individually, FRANCISCO CONTRERAS, individually, JOSE CONTRERAS, individually, OMAR CONTRERAS, individually, IGNACIO ESPINOZA, individually, LUIS FERNANDO GALLEGOS, individually, JESUS GALLEGOS, individually, MIGUEL GALLEGOS, individually, CARLOS OSEGUERA MENDOZA, individually, MIGUEL A. MUJICA, individually, FRANCISCO OREGEL, individually, and ISRAEL OREGEL, individually, are or were employees of the Defendants.

2. Defendants manipulated or allowed to be manipulated the hours actually worked by plaintiffs so that the time records maintained by Defendants underreport the actual hours worked by plaintiffs.

3. Defendants determined the rate of pay of each plaintiff; how many hours of work each plaintiff would receive pay for; and whether the plaintiffs would receive straight time or time and one half their regular rate of pay for hours worked over forty (40) in a week.

4. Defendants changed the work hours of plaintiffs as reported by the working foreman so that the hours paid were less than the actual hours worked.

5. It is and has been the practice and policy of the Defendants to not pay for all hours worked by their employees.

6.	The individual defendant knew of the scheme to underreport and underpay the employees for all hours worked.

## COUNT I – FAIR LABOR STANDARDS ACT

7.	That the plaintiffs, JUAN ALVAREZ, individually, SALVADOR ALVAREZ, individually, FRANCISCO CONTRERAS, individually, JOSE CONTRERAS, individually, OMAR CONTRERAS, individually, IGNACIO ESPINOZA, individually, LUIS FERNANDO GALLEGOS, individually, JESUS GALLEGOS, individually, MIGUEL GALLEGOS, individually, CARLOS OSEGUERA MENDOZA, individually, MIGUEL A. MUJICA, individually, FRANCISCO OREGEL, individually, and ISRAEL OREGEL, individually, are or were employees of the Defendants who are due and who have not been paid for all hours worked and incorrectly paid for recognized overtime under the FLSA, 29 U.S.C. 201 *et seq.*

8.	That each of the plaintiffs was employed by Midwest Brickpaving, Inc., a corporation duly organized and existing under the laws of the State of Illinois.

9.	Joel Elfering a/k/a Joel Elfring is the registered agent and President.

10.	At any and all times relevant hereto, Defendants have, and still are, part of an "enterprise engaged in commerce" within the meaning of Sec. 3(s) of the FLSA, 29 U.S.C. 203(s).

11.	At any and all times relevant hereto, Defendants were each an "employer" within the meaning of Sec. 3(d), 29 U.S.C. 203(d).

12.	At times relevant hereto, JUAN ALVAREZ, SALVADOR ALVAREZ, FRANCISCO CONTRERAS, JOSE CONTRERAS, OMAR CONTRERAS, IGNACIO ESPINOZA, LUIS FERNANDO GALLEGOS, JESUS GALLEGOS, MIGUEL

GALLEGOS, CARLOS OSEGUERA MENDOZA, MIGUEL A. MUJICA, FRANCISCO OREGEL, and ISRAEL OREGEL were each an "employee" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. 203(e).

13. Plaintiffs JUAN ALVAREZ, SALVADOR ALVAREZ, FRANCISCO CONTRERAS, JOSE CONTRERAS, OMAR CONTRERAS, IGNACIO ESPINOZA, LUIS FERNANDO GALLEGOS, JESUS GALLEGOS, MIGUEL GALLEGOS, CARLOS OSEGUERA MENDOZA, MIGUEL A. MUJICA, FRANCISCO OREGEL, and ISRAEL OREGEL were not paid time and one half their regular rate of pay for hours worked in excess of 40 in a week in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

14. At all times relevant hereto, the action of Defendants not to pay for all hours worked and time and one-half the regular rate for all hours worked over 40 in a week was willful in that among other things:

    A. Defendants knew that the FLSA required every employer to pay time and one-half the regular rate for every hour worked over 40 in a week.

    B. Defendants manipulated or allowed to be manipulated the recorded hours worked at Midwest Brickpaving, Inc. so that the time records maintained by Defendants are not accurate.

    C. Defendants knew that they are required to pay an hourly paid employee overtime when the work hours exceed 40 in a week.

    D. Defendants failed to properly post notice of employee FLSA rights as required under 29 C.F.R. § 516.4.

4

15. As a direct and proximate result thereof, there is due to plaintiffs' back wages and liquidated damages, pursuant to 29 U.S.C. 216.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, JUAN ALVAREZ, SALVADOR ALVAREZ, FRANCISCO CONTRERAS, JOSE CONTRERAS, OMAR CONTRERAS, IGNACIO ESPINOZA, LUIS FERNANDO GALLEGOS, JESUS GALLEGOS, MIGUEL GALLEGOS, CARLOS OSEGUERA MENDOZA, MIGUEL A. MUJICA, FRANCISCO OREGEL, and ISRAEL OREGEL ask the court to enter judgment in their favor, and against Defendants for the following relief:

A. For a judgment for all back wages due, prejudgment interest in accordance with established federal case law including liquidated damages, as provided by 29 U.S.C. §216.

B. For reasonable attorney's fees and costs of this action as provided by 29 U.S.C. §216.

**COUNT II – ILLINOIS MINIMUM WAGE AND OVERTIME VIOLATIONS**

16. Plaintiffs repeat and re-allege paragraphs 1 through 15 as though fully set forth herein.

17. That Defendants are each an employer within the meaning of the Illinois Minimum Wage Law ("IMWL").

18. Defendants were required to post information regarding the IMWL pursuant to 820 ILCS 105/9 and failed to do so.

5

19. That it is, and has been, the practice and policy of the Defendants to fail to pay for all hours worked and at least one and one-half the Illinois Minimum Wage rate in violation of 820 ILCS 105/4 and 4a to the plaintiffs.

20. Defendants' failure to pay for all hours worked and time and one-half the regular rate of pay for hours worked over 40 to all hourly employees are violations of the Illinois Minimum Wage Act.

21. That the books and records of the Defendant, Midwest Brickpaving, Inc., are material to the plaintiffs' case as they disclose the hours worked by each employee that defendant recognized and what each employee was paid for that work, and the scheduling documents will show some of the hours worked but not recorded.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, JUAN ALVAREZ, SALVADOR ALVAREZ, FRANCISCO CONTRERAS, JOSE CONTRERAS, OMAR CONTRERAS, IGNACIO ESPINOZA, LUIS FERNANDO GALLEGOS, JESUS GALLEGOS, MIGUEL GALLEGOS, CARLOS OSEGUERA MENDOZA, MIGUEL A. MUJICA, FRANCISCO OREGEL, and ISRAEL OREGEL, individually, and as class representatives, ask the court to enter judgment in their favor, and against the Defendants for the following relief:

A. For a judgment for all back wages due, as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*;

B. For prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and 2% per month interest under the Illinois Minimum Wage Law, 820 ILCS 105/12a;

6

      C.    For reasonable attorney's fees and costs of this action as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*;

      D.    That the court determine the rights of the parties and direct the defendant to account for all hours worked and wages paid to the class members during the temporality of the class; and,

      E.    For such other and further relief as the Court may deem just and equitable.

Dated: September 29, 2016        Respectfully submitted,

JUAN ALVAREZ, individually, SALVADOR ALVAREZ, individually, FRANCISCO CONTRERAS, individually, JOSE CONTRERAS, individually, OMAR CONTRERAS, individually, IGNACIO ESPINOZA, individually, LUIS FERNANDO GALLEGOS, individually, JESUS GALLEGOS, individually, MIGUEL GALLEGOS, individually, CARLOS OSEGUERA MENDOZA, individually, MIGUEL A. MUJICA, individually, FRANCISCO OREGEL, individually, and ISRAEL OREGEL, individually,

By:    /s/ Jac A. Cotiguala
        Attorney for Plaintiffs

Jac A. Cotiguala
Jac A. Cotiguala & Associates
431 South Dearborn Street, Suite 606
Chicago, IL 60605
(312) 939-2100